■ FINGERLAKES AQUACULTURE, LLC, Appellant, v PROGAS WELDING SUPPLY, INC., Respondent. [825 NYS2d 559]—

Kane, J. Appeal from that part of a judgment of the Supreme Court (Relihan, Jr., J.), entered July 19, 2005 in Tompkins County, which dismissed the complaint, upon a decision of the court in favor of defendant.

Plaintiff, which operates an indoor fish hatchery, entered into a contract whereby defendant would supply a 13,000-gallon oxygen storage tank to plaintiff's facility. The contract required that the tank be delivered during the week of June 21, 1999, with a $400 per day liquidated damages provision, denoted a "fine," in the event of a delay. Defendant provided several 50-gallon cylinders in September 1999, then a 3,000-gallon tank in December 1999 or January 2000. Because the 13,000-gallon tank was never delivered by defendant, plaintiff obtained one from another source in June 2001. Plaintiff then commenced

this action seeking liquidated damages due to defendant's failure to supply the proper tank.

Following a nonjury trial, Supreme Court, among other things, dismissed plaintiff's complaint. Plaintiff appeals from that portion of the judgment.

Because the contractual provision at issue constitutes an unenforceable penalty, we affirm. Whether a contractual provision represents an enforceable liquidation of damages or an unenforceable penalty is a question of law to be resolved after considering the nature of the contract and the circumstances at the time it was entered into (see *JMD Holding Corp. v Congress Fin. Corp.*, 4 NY3d 373, 379 [2005]). Defendant sustained its burden of proof by demonstrating that the stipulated damages were plainly and grossly disproportionate to the probable loss (*see id.* at 380). The clause at issue provides for a $400 per day "fine" for nondelivery of the 13,000-gallon tank. Defendant proved, through testimony of plaintiff's officers, that insignificant financial loss would be sustained by the failure to deliver the tank. Rather, loss would be sustained by the failure to timely deliver oxygen, an event not addressed by the penalty clause. The proof further demonstrated that the failure of plaintiff's business venture was more than likely related to its inadequate business plan and faulty construction, not the size of the oxygen tank. Under the circumstances here, an award to plaintiff of $292,000 would constitute a windfall well above the actual harm sustained.

Plaintiff failed to prove actual damages as a result of defendant's failure to deliver the 13,000-gallon tank. Although plaintiff's officers testified that the fish were "off feed" because of an inadequate oxygen supply for 26 days in the 210-day period from March 2000 to September 2000, the evidence as to actual damages was speculative and lacked a foundation in the record. Two of plaintiff's officers offered conflicting testimony as to plaintiff's daily profit, but neither officer adequately related the profit figure to the loss due to nondelivery of the proper tank, nor provided any factual background for how he arrived at the profit figure. Having failed to establish actual damages, plaintiff was not entitled to judgment in its favor.

We have reviewed the parties' remaining contentions and none warrants further discussion.

Crew III, J.P., Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, with costs.